IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIARRA ASHFORD : | |
| C/O ELOISE ASHFORD : | |
| : | CIVIL ACTION NO. 1:CV-04-643 |
| **Plaintiff** : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| OFFICERS BRUCE BARTZ, SCOTT : | |
| DOELLINGER, BRIAN ALU : | |
| : | |
| **Defendants** : | |

**MEMORANDUM AND ORDER**

Before the Court are Defendant Brian Alu's "Motion to Dismiss the Amended Complaint" (Doc. No. 41) and Defendants Scott Doellinger's and Bruce Bartz's "Motion to Partially Dismiss the Amended Complaint" (Doc. No. 44), each seeking dismissal for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). For the reasons discussed below, the motions (Doc. Nos. 41 and 44) will be granted in part and denied in part.

**I.   Background**[1]

Plaintiff is a minor. At the close of an unrelated state criminal hearing involving one of Plaintiff's family members, a witness for the Commonwealth approached Plaintiff. Defendant Officer Bartz observed the conversation, exclaimed "don't be tampering with my witness," and ordered Defendant Officer Doellinger to arrest Plaintiff. As Plaintiff placed her hands behind her back, Defendant Doellinger twisted Plaintiff's right arm. Upon complaint by Plaintiff's mother, Defendant Doellinger twisted Plaintiff's arm harder.

---

[1] The following facts are taken from Plaintiffs' amended complaint (Doc. No. 40), unless indicated otherwise. The Court will accept as true all factual allegations and view them in the light most favorable to the Plaintiff.

Plaintiff alleges that she was arrested again by Defendant Officer Alu and transported around the parking lot, where she was "verbally assaulted" by Defendant Alu. (Doc. No. 40, ¶ 11.) Defendant Officer Alu cited Plaintiff for disorderly conduct. Plaintiff was subsequently convicted of this offense in the Court of Common Pleas of York County. (Doc. No. 41, Ex. C.)

On March 25, 2004, Plaintiff, acting pro se through her mother, Eloise Ashford, filed a Complaint (Doc. No. 1) asserting claims under 42 U.S.C. § 1983 for various violations of her Constitutional rights. Plaintiff later retained counsel and pursuant to two orders by this Court (Doc. Nos. 35, 37), amended her Complaint on March 9, 2005 (Doc. No. 40).

## II.  Standard of Review

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v.

Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### III. Discussion

In her Amended Complaint, Plaintiff alleges multiple causes of action pursuant to both federal and state law. Defendants Alu and Bartz seek to have all claims against them dismissed, whereas Defendant Doellinger seeks dismissal of all claims except the excessive force and assault and battery claims.

#### A. Federal Claims

In Count I of her Amended Complaint, Plaintiff alleges that all three Defendants violated her rights under the Fourth and Fourteenth Amendments to the United States Constitution by performing such actions as to constitute unlawful arrest, excessive use of force, and false imprisonment. (Doc. No. 40.) The Court will address each claim in turn.

##### 1. False Arrest and False Imprisonment

In order to prevail on a claim of false arrest, a plaintiff must demonstrate at trial that the police lacked probable cause to make an arrest. Groman v. Township of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) "'The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers

had probable cause to believe the person arrested had committed the offense.'" Id. (quoting Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)).

Probable cause "exists if the facts and circumstances which are within the knowledge of the police at the time of arrest, and of which they have reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that a suspect has committed or is committing a crime." Commonwealth v. Kazior, 410 A.2d 822, 824 (Pa. Super. Ct. 1979) (citing Commonwealth v. Powers, 398 A.2d 1013 (Pa. 1979)). The conviction of the accused by a magistrate, even though later reversed by an appellate tribunal is "strong prima facie evidence of probable cause." Martinez v. E. J. Korvette, Inc., 477 F.2d 1014, 1016 (3d Cir. 1973). If probable cause to arrest existed for any crime, no matter how minor, then a claim for unconstitutional arrest cannot be maintained. Barna v. City of Perth Amboy, 42 F.3d 809 (3d Cir. 1994). Similarly, a false imprisonment claim under 42 U.S.C. § 1983, based on the Fourth Amendment's guarantee against unreasonable seizures, requires that the police lacked probable cause to make the arrest. Id. at 636. An arrest based on probable cause can not become the source of a claim for false imprisonment. Id. (citing Baker v. McCollan, 443 U.S. 137, 143-44 (1979)).

In the present matter, a district justice for the Commonwealth of Pennsylvania, after a hearing on the evidence, found that Plaintiff had "engage[d] in threatening behavior, [made] unreasonable noise, [and used] obscene language . . . all of which served no legitimate purpose." (Doc. No. 41, Ex. C.) Accordingly, the district justice found that probable cause existed for the arrest and Plaintiff was guilty of disorderly conduct through engaging in fighting. (Doc. No. 41, Ex. D.) On appeal, this decision was upheld by the Court of Common Pleas of York County.

(Doc. No. 41, Ex. E.) This is highly compelling evidence that Defendants had probable cause to arrest Plaintiff, but this evidence is not dispositive as a matter of law.[2] The issue before the Court is not the weight of Plaintiff's evidence, it is "'whether [Plaintiff] is entitled to offer evidence to support the claims.'" Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 312 (3d Cir. 2004) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Accepting as true all factual allegations contained in the complaint in a light most favorable to Plaintiff, Plaintiff asserts enough allegations to survive a motion to dismiss with regard to her false arrest claims.

Defendants argue that even if Plaintiff has stated a claim for false arrest and imprisonment, because Plaintiff was later convicted of disorderly conduct, her claims cannot proceed under, Heck v. Humphrey, 512 U.S. 477, 486 (1994). Heck provides that a § 1983 plaintiff who alleges a "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," can recover damages only if the conviction or sentence has been reversed or called into question in some way. Id. at 486. However, a conviction and sentence may be upheld even in the absence of probable cause for the initial stop and arrest. Montgomery v. De Simone, 159 F.3d 120, 125-26 (3d Cir. 1998). Plaintiff's claims for false arrest and false imprisonment for disorderly conduct are not the type of claims contemplated by the Supreme

---

[2] There exists some question whether Pennsylvania would consider such evidence to be conclusive or merely strong prima facie evidence of probable cause. Compare Cooper v. Hart, 147 Pa. 594 (1892) (a guilty verdict, even if later reversed, was conclusive on the proof of probable cause), with MacDonald v. Schroeder, 214 Pa. 411 (1906) (conviction by jury and subsequent grant of new trial by the judge was not conclusive proof of probable cause); Cap v. K-Mart Discount Stores, Inc., 515 A.2d 52 (Pa Super. 1986) (disagreeing with Lynn v. Smith and holding that conviction for summary offense before justice of the peace was not conclusive evidence of probable cause). See also Martinez v. Korvette, 335 F. Supp. 886 (E.D. Pa. 1971), affirmed, 477 F.2d 1014 (3d Cir. 1973) (stating that it was not clear whether Pennsylvania found a conviction conclusive on the issue of probable cause, but that such evidence could not be overcome without a showing of fraud or unfairness);

Court in <u>Heck</u>, ones, such as malicious prosecution, which necessarily implicate the validity of a conviction or sentence. <u>Id.</u> at 126 n.5 (citing <u>Mackey v. Dickson</u>, 47 F.3d 744, 746 (5th Cir. 1995)(stating that "it is well established that a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest"))). <u>See also</u> <u>Gibson v. Superintendent of New Jersey Dept. of Law and Pub. Safety-Division of State Police</u>, 411 F.3d 427, 437 (3d Cir. 2005) (declining to adopt the fact-intensive analysis when reviewing whether or not <u>Heck</u> is applicable). Accepting all allegations as true, Plaintiff has made a minimal showing as to survive Defendants' motion to dismiss. Accordingly, Defendants' motions to dismiss Plaintiff's federal claims of false arrest and false imprisonment will be denied.

    2.    <u>Excessive Use of Force</u>

When a police officer uses force to effectuate an arrest, that force must be reasonable. <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989); <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 634 (3d Cir. 1995). The reasonableness of the officers' use of force is measured by "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Graham</u>, 490 U.S. at 396. "The reasonableness inquiry is objective, but should give appropriate scope to the circumstances of the police action, which are often 'tense, uncertain, and rapidly evolving.'" <u>Groman</u>, 47 F.3d at 634 (quoting <u>Graham</u>, 490 U.S. at 397).

An excessive force claim requires proof that the officers' conduct was objectively unreasonable, considering several factors. These factors include: the severity of the crime;

6

whether the suspect poses an immediate threat; and whether the suspect is actively resisting arrest. Groman, 47 F.3d at 634. Further, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment." Id. at 396 (internal quotations and citation omitted).

In her Amended Complaint, Plaintiff asserts that Doellinger grabbed her arm and twisted it without justification, "causing her pain and suffering." (Doc. No. 40, ¶¶ 10-13.) Plaintiff alleges that this action constitutes excessive use of force by Defendant Doellinger when he arrested Plaintiff. Plaintiff makes no such claims of excessive force against her by Defendants Alu and Bartz. Id. As liability under § 1983 is personal and requires personal involvement in the deprivation of Plaintiff's civil rights, the claims of excessive force against Defendants Alu and Bartz cannot stand without specific allegations of personal involvement. Accordingly, these claims against Defendants Alu and Bartz will be dismissed.[3]

### B. State Claims

In Count II of her Amended Complaint, Plaintiff alleges that all three Defendants committed acts of assault and battery, false arrest, imprisonment, malicious prosecution, and excessive force against her, in violation of the law and constitution of the Commonwealth of Pennsylvania. (Doc. No. 40.)

1. Malicious Prosecution

---

[3] In addition, the Township of Hellam Police Department of York County, as the sub-division of Township of Hellam through which the township fulfills its policing functions, is not a proper defendant in an action pursuant to 42 U.S.C. § 1983. (Doc. No. 40 ¶ 4.) See Johnson v. City of Erie, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993) (holding that a municipal police department, without an identity separate from the municipality of which it is a part, is not a proper defendant in a § 1983 action).

As an initial matter, Plaintiff's state claims for malicious prosecution must be dismissed as Plaintiff was convicted of the underlying charge. In Pennsylvania, a party bringing a malicious prosecution claim must demonstrate that: (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996)(citing Haefner v. Burkey, 626 A.2d 519, 521 (Pa. 1993)). As the criminal proceeding did not end in Plaintiff's favor, Plaintiff's state claims for malicious prosecution must be dismissed.

      2.      <u>Assault, False Arrest, False Imprisonment and Excessive Force</u>

In her Complaint, Plaintiff sues the Defendant officers in their official and individual capacities. While the Hellam and Springettsbury Township Police Departments are not named directly in Plaintiff's Second Count of her Amended Complaint, claims against officers in their official capacity are the same as a claim against the police departments. Pursuant to Pennsylvania's Political Subdivision Tort Claims Act, local governmental agencies are immune from claims for monetary damages, except for eight narrowly construed exceptions to immunity, none of which apply here. 42 Pa. Cons. Stat. § 8542(b) (specifying that liability may be imposed upon the local agency for damages resulting from the following acts: the operation of a motor vehicle; the care or custody of personal or real property of others in the possession of the agency; dangerous conditions resulting from utility service facilities; dangerous condition of streets and sidewalks; and the care or custody of animals in the possession of the agency). Plaintiff fails to plead any negligence-based tort claims against the Township Police Departments that might fall within the eight enumerated exceptions set forth in 42 Pa. Cons. Stat. § 8542(b). Rather, Count

II alleges intentional torts of the kind expressly barred under the Political Subdivision Tort Claims Act.  Accordingly, Plaintiff's state claims against Defendants in their official capacity must be dismissed.

Individual defendants are also immune from liability for acts within the scope of their employment, to the same extent as their employing agency, unless there conduct amounts to a crime, actual fraud, actual malice, or willful misconduct.  42 Pa. Cons. Stat. §§ 8550 and 8545; Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 600-601 (3d Cir. 1998).  In her Amended Complaint, Plaintiff alleges that all three defendants committed assault and battery, false arrest, and false imprisonment.  Pennsylvania courts define assault as "'an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person.'" Renk v. City of Pittsburgh, 41 A.2d 289, 293 (Pa. 1994) (quoting Cohen v. Lit Brothers, 70 A.2d 419, 421 (1950)).  Although a police officer may use such force as is necessary under the circumstances to effectuate a lawful arrest, an unreasonable or excessive amount of force may constitute an assault and battery.  Id.

Pennsylvania courts define false imprisonment as the unlawful detention of another person.  Id.  "An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not."  Id. (citing Fagan v. Pittsburgh Terminal Coal Corporation, 149 A. 159 (Pa. 1930)).  Probable cause exists when "'the facts and circumstances which are within the knowledge of the police officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime.'"  Id. (quoting

Commonwealth v. Rodriguez, 585 A.2d 988, 990 (Pa. 1991)).  Accordingly, under Pennsylvania law,

> A police officer may be held liable for assault and battery when a jury determines that the force used in making an arrest is unnecessary or excessive, and for false imprisonment when a jury concludes that he did not have probable cause to make an arrest.  It is conceivable that a jury could find a police officer liable for those torts under circumstances which demonstrate that the officer did not intentionally use unnecessary and excessive force, or did not deliberately arrest a person knowing that he lacked probable cause to do so.

Id. at 293-94.

Construed in a light most favorable to her, Plaintiff alleges enough facts against each Defendant that, if true, would rise to the level of willful misconduct so as to preclude immunity under the Tort Claims Act.  Plaintiff claims that all three Defendants participated in her unlawful arrest and detainment without probable cause.  Plaintiff also alleges that Defendant Doellinger used unreasonable force in arresting her.  However, Plaintiff does not allege that Defendants Bartz and Alu physically harmed her in any way.  Moreover, although Plaintiff claims Defendant Alu "verbally assaulted" her while she was detained in his police car, Plaintiff does not allege that Defendant Alu's speech constituted a threat of physical violence.  The Court finds no allegations to support claims of assault or excessive force against Defendants Bartz and Alu, and these claims will be dismissed.  Accordingly,  Defendants' motions to dismiss Plaintiff's state claims will be denied except that Plaintiff's claim of assault and excessive use of force against Defendants Bartz and Alu will be dismissed.

## IV. Order

**AND NOW**, this 26th day of January, 2006, upon consideration of Defendants' motions to dismiss and all responsive papers thereto and for the reasons discussed above, **IT IS HEREBY ORDERED THAT** the motions (Doc. Nos. 41 and 44) are **GRANTED in part** as follows:

1. Plaintiff's claims of excessive use of force and assault are **DISMISSED** against Defendants Alu and Bartz;

2. Plaintiff's claims of malicious prosecution are **DISMISSED** against all Defendants;

3. Plaintiff's state claims against Defendants in their official capacity are **DISMISSED**. Further, to the extent that Hellam Township Police Department is a properly named Defendant, all claims against it are also **DISMISSED**.

In all other respects, Defendants' motions to dismiss (Doc. Nos. 41 and 44) are **DENIED**. **IT IS FURTHER ORDERED THAT** Plaintiff's pro-se Motion to Show Good Cause is **DENIED** as moot. (Doc. No. 31.)

      S/ Yvette Kane
      Yvette Kane
      United States District Judge

Date: January 26, 2006