IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIARRA SHAYON ASHFORD, | : | |
|     Plaintiff | : | Civil Action No. 1:04-CV-00643 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| BRUCE BARTZ, SCOTT DOELLINGER, | : | |
| and BRIAN ALU, | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court are Defendant Alu's, Bartz's, and Doellinger's motions for summary judgment on the state and federal claims for false arrest and false imprisonment. (Doc. Nos. 105 & 109.) For the reasons that follow, Defendants' motions will be granted.

### I.   BACKGROUND

**1. Factual Background**

On May 30, 2002, in Springettsbury Township, the events giving rise to this lawsuit occurred. (Doc. No. 106-3 at 68.) Plaintiff Ashford alleges that following a court hearing for a family member, a verbal exchange occurred first between Plaintiff's grandmother and then between Plaintiff and Hellam Township police officers Bruce Bartz and Scott Doellinger. (Doc. No. 106-3 at 71.) The Defendant Doellinger hand-cuffed Plaintiff, but summoned Officer Brian Alu to arrest Plaintiff because Defendants Bartz and Doellinger did not have jurisdiction to arrest in Springettsbury. (Doc. No. 106-3 at 74-75.) Defendant Alu was called for another duty before finishing the paperwork for the arrest, so he removed Plaintiff's handcuffs, released her to her grandmother's custody, and promised to send the citation by mail. (Doc. No. 41, Ex. C.) Plaintiff received the citation, was convicted for disorderly conduct on September 9, 2002, and the

conviction was upheld after a hearing before the Court of Common Pleas of York County on April 23, 2004. (Doc. No. 41, Exs. D & E.)

### 2. Procedural Background

On March 25, 2004, Plaintiff, acting *pro se,* filed this suit under 42 U.S.C. § 1983 alleging excessive force, false imprisonment, false arrest, malicious prosecution, and assault against the Defendants Bartz, Doellinger, and Alu, as well as their respective employers, Hellam Township Police Department, and Springettsbury Township Police Department. Plaintiff filed an amended complaint with the aid of counsel on March 9, 2005, and Defendants filed motions to dismiss. (Doc. No. 40; Doc. Nos. 41 & 44.) Pursuant to the Court's order of January 26, 2006, the state claims against Defendants Alu, Bartz, and Doellinger in their official capacity, all claims against Defendants Hellam Township Police Department and Springettsbury Township Police Department, and the malicious prosecution claims against Defendants Alu, Bartz, and Doellinger were dismissed. (Doc. No. 57.) The Court dismissed Plaintiff's claims of excessive force and assault against Defendants Alu and Bartz only, allowing the claim for excessive force against Defendant Doellinger to proceed. (Doc. No. 57.) The only remaining claims, then, are the false imprisonment and false arrest claims (under both federal and Pennsylvania law) against Defendants Bartz, Doellinger, and Alu, at issue here, as well as the claims of excessive force and assault against Defendant Doellinger. (Doc. No. 57.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is material if it might affect the outcome of the suit under the applicable law, and it is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). At summary judgment, the inquiry is whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law. Id. at 251-52. In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322.

With respect to the sufficiency of the evidence that the nonmoving party must provide, a court should grant summary judgment where the nonmovant's evidence is merely colorable, conclusory, or speculative. Anderson, 477 U.S. at 249-50. There must be more than a scintilla

of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III. DISCUSSION

The issues before the Court are whether the conduct of Defendants Bartz, Doellinger, and Alu, in arresting Plaintiff Ashford on May 30, 2002, constituted false imprisonment or false arrest. To make out a case for false imprisonment under 42 U.S.C. § 1983, the Plaintiff must demonstrate that the police lacked probable cause to make an arrest. Groman v. Twp. of Manalapan, 47 F.3d 628, 634-36 (3d Cir. 1995) (citing Baker v. McCollan, 443 U.S. 137 (1979)) ("[A]n arrest based on probable cause could not become the source of a claim for false imprisonment."). Similarly, a cause of action for false arrest requires Plaintiff to demonstrate at trial that the officers lacked probable cause to arrest. Groman, 47 F.3d at 634 (quoting Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988)) ("The proper inquiry . . . is not whether the person arrested in fact committed the offense, but whether the arresting officers had probable cause to believe the person arrested had committed the offense."). Thus, to proceed to trial on claims for false arrest and false imprisonment, Plaintiff must present evidence adequate to for a reasonable jury to determine that Defendants lacked probable cause to arrest her.

As this Court stated in its Memorandum and Order Partially Granting and Partially Denying Defendants' Motion to Dismiss on January 26, 2006, the conviction of Plaintiff on the disorderly conduct charge is "strong prima facie evidence" that probable cause existed, but is not dispositive as a matter of law. (Doc. No. 57.) See also, Martinez v. E.J. Korvette, Inc., 477 F.2d 1014, 1016 (3d Cir. 1973) (stating that a conviction, while not conclusive on the issue of

probable cause, cannot be overcome without a showing of fraud or unfairness).  The Court held that, based on the allegations in Plaintiff's complaint, she might produce evidence that would overcome Defendants' prima facie evidence of probable cause. Having now been given the opportunity to develop her claims through evidence above and beyond the mere pleadings, the Court finds that there is insufficient evidence from which a reasonable jury could conclude that the police lacked probable cause to arrest Plaintiff.  Plaintiff has not met her burden, and the Court will therefore grant Defendants' motion for summary judgment.

Plaintiff Ashford was convicted upon the disorderly conduct citation she alleges constitutes false arrest and false imprisonment. (Doc. No. 41, Exs. C and D.)  She appealed the conviction, which was upheld. (Doc. No. 41, Ex. E.) Because false imprisonment and false arrest can only lie in the absence of probable cause to arrest, and a conviction constitutes prima facie evidence of probable cause as discussed above, Defendants have created a presumption that probable cause existed. The burden shifts to Plaintiff, then, to overcome this evidence and to show that there is a genuine issue of material fact as to whether probable cause existed for her arrest.

As Plaintiff points out in her brief in opposition to defendants' motions for summary judgment (Doc. No. 127), there are numerous minor differences in the parties' versions of the events leading up to Plaintiff's arrest on May 30, 2002. Yet, a dispute must rise to the level of "materiality" to defeat a motion for summary judgment. Material facts are those that would affect the outcome of trial under the governing law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). According to Pennsylvania law, one can be guilty of disorderly conduct by shouting obscenities or repeatedly insulting officials on city streets without an intent to cause public

inconvenience, annoyance, or alarm. See, e.g., Commonwealth v. Mastrangelo, 414 A.2d 54 (Pa. 1980), appeal dismissed 449 U.S. 894 (hurling epithets at a meter maid is not engaging in constitutionally protected activity, but rather, is disorderly conduct); Commonwealth v. Pringle, 450 A.2d 103, 105 (Pa. Super. Ct. 1982) (yelling "goddamn fucking pigs" before a crowd of fifty people was disorderly); Commonwealth v. Hughes, 410 A.2d 1272 (Pa. Super. Ct. 1979) (shouting obscenities at members of the public and police officers with intent to taunt police was disorderly conduct). However, not all rude comments create probable cause to arrest for disorderly conduct. Commonwealth v. Hock, 728 A.2d 943 (Pa. 1999) (muttering a single, profane, unthreatening remark while walking away from an officer, without others present, did not constitute probable cause for a disorderly conduct arrest).

When viewing the evidence in the light most favorable to the Plaintiff, the evidence does not outweigh Defendants' prima facie evidence in favor of a finding of probable cause. The sworn testimony of Betty Ward, Eloise Ashford, Plaintiff Ashford, and Defendants establishes that, prior to her arrest, Plaintiff taunted Defendant Doellinger by saying, "[W]ell here I am, stick your dick in my mouth now," and "[I]f you ever think about sticking your dick in my mouth, I'll cut your dick off and put it in your mailbox." (Doc. No. 106-3, Ex. B at 54, 65 & 73-75.) Such statements rise above the level of the comments in Hock, and more closely approximate the statements in Mastrangelo or Hughes. The Court will not get bogged down in semantics as to whether such statements made by Plaintiff, who was admittedly upset–not scared–at the time, qualify as "yelling" or were merely made "above normal tone of voice." (Doc. No. 106-3, at 73-74; Doc. No. 127 ¶ 6.) Because the conviction and all testimony, including Plaintiff's sworn testimony, suggests that Plaintiff made disruptive, threatening, and

profane remarks to Defendant Doellinger, in public, before she was handcuffed and arrested, there remains no question whether probable cause existed for Defendants Doellinger, Bartz, and Alu to make an arrest.

Similarly, Plaintiff's state claims can only be sustained upon a finding of an arrest without probable cause. Pennsylvania law provides that "an arrest based upon probable cause would be justified, regardless of whether the individual was guilty or not." Renk v. City of Pittsburgh, 41 A.2d 289, 293 (Pa. 1994) (citing Fagan v. Pittsburgh Terminal Coal Corp., 149 A.159 (Pa. 1930)). Since it has been determined that Plaintiff failed to make a genuine issue of material fact to challenge the existence of probable cause established by Defendants, Plaintiff's state claims must also be dismissed.

Because there is no genuine issue of material fact as to whether probable cause existed to make the arrest, the Court need not now consider whether Defendants are entitled to qualified immunity.

## IV.  CONCLUSION

For the foregoing reasons, the motions for summary judgment will be granted in favor of Defendants Bartz, Doellinger, and Alu. The only remaining claims are for excessive force and assault against Defendant Doellinger. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIARRA ASHFORD,** | : | |
| Plaintiff | : | Civil Action No. 1:04-CV-00643 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **OFFICERS BRUCE BARTZ, SCOTT** | : | |
| **DOELLINGER, BRIAN ALU,** | : | |
| Defendants | : | |

## ORDER

**AND NOW**, on this 23rd day of September, 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendants' motions for summary judgment (Doc. Nos. 106 & 109) are **GRANTED**.

      S/ Yvette Kane
      Yvette Kane, Chief Judge
      United States District Court
      Middle District of Pennsylvania